# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

ANDREW U.D. STRAW,

    Plaintiff,

v.     NO. 2:18-CV-28

SEVENTH CIRCUIT COURT OF APPEALS,

    Defendant.

## OPINION AND ORDER

This matter is before the Court on the Motion for Permission to Proceed *In Forma Pauperis* (DE #2), the Motion to Proceed *In Forma Pauperis* (DE #3), and the Motion for U.S. Marshall Service of Summons and Complaint (DE #4), filed by plaintiff Andrew U.D. Straw ("Plaintiff") on January 22, 2018. For the reasons set forth below, the Court:

(1) **DISMISSES** the Complaint (DE #1);

(2) **DENIES** the motions to proceed *in forma pauperis* (DE #2 and DE #3);

(3) **DENIES AS MOOT** the Motion for U.S. Marshall Service of Summons and Complaint (DE #4);

(4) **GRANTS** Plaintiff until February 28, 2018, to submit an

1

> amended complaint *along with payment of the filing fee*;
> and
>
> (5) **CAUTIONS** Plaintiff that if he does not do so by that deadline, this case will be dismissed without further notice.

ANALYSIS

Plaintiff filed a complaint as well as two motions to proceed *in forma pauperis* ("IFP") on January 22, 2018. (*See* DE #1, DE #2, DE #3.) The IFP statute, 28 U.S.C. section 1915, allows an indigent plaintiff to commence a civil action without prepaying the administrative costs (*e.g.*, filing fee) of the action. *See* 28 U.S.C. § 1915(a)(1); *see also Denton v. Hernandez*, 504 U.S. 25, 27 (1992). When presented with an IFP application, the district court must make two determinations: (1) whether the suit has sufficient merit; and (2) whether the plaintiff's poverty level justifies IFP status. *See* 28 U.S.C. § 1915(e)(2); *Denton*, 504 U.S. at 27; *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988). If a court finds that the suit lacks sufficient merit or that an inadequate showing of poverty exists, the court must deny the IFP petition. *See Smith-Bey*, 841 F.2d at 757.

A court must dismiss a case at any time, notwithstanding any filing fee that may have been paid, if it determines that the suit is frivolous, malicious, or fails to state a claim upon which

relief may be granted. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A claim that no reasonable person could suppose to have any merit" is considered frivolous. *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000). To determine whether the suit states a claim upon which relief can be granted under 28 U.S.C. § 1915 (e)(2)(B), a court applies the same standard as it would to a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1027 (7th Cir. 2013). Therefore, the court will take "all well-pleaded allegations of the complaint as true and view[] them in the light most favorable to the plaintiff." *Id.* (citation omitted.) To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A plaintiff "must plead some facts that suggest a right to relief that is beyond the speculative level." *Atkins v. City of Chicago,* 631 F.3d 823, 832 (7th Cir. 2011) (internal quotation marks and citation omitted). "This means that the complaint must contain allegations plausibly suggesting (not merely consistent with) an entitlement to relief." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 633 (7th Cir.

2013) (internal quotation marks and citation omitted).

In this case, as to the financial prong of the analysis, Plaintiff is not employed, but states that he has received $13,403 from Social Security, and $18,500 from two ADA Title II settlements, in the past twelve months. (DE #3.) He is not married, and does not support any children or adults. (*Id*.) The federal poverty guideline for a household of one is $12,060. *See* HHS Poverty Guidelines, 82 Fed. Reg. 8831-03 (Jan. 31, 2017). Plaintiff's income of $31,903 is well above the federal poverty guideline. Moreover, Plaintiff failed to sign the motion to proceed IFP attesting that he cannot pay the full filing fees and costs or give security because of his poverty. (*See* DE #3 at 2.) Thus, the Court finds that Plaintiff is not financially eligible to proceed IFP in this case, and the motion must be **DENIED** on that basis.

As to the sufficiency prong of the analysis, Plaintiff's complaint alleges that the "Seventh Circuit U.S. Court of Appeals" ("Seventh Circuit") violated Plaintiff's procedural due process rights under the Fifth Amendment to the United States Constitution. (DE #1, ¶45.) Plaintiff is a disabled attorney who was disciplined by the Indiana Supreme Court, and suspended from the bars of several federal district courts. (*See id*., ¶1, ¶5, ¶12, ¶¶24-26.) His complaint stems from (1) those disciplinary proceedings, and

(2) a discrimination lawsuit that Plaintiff filed against the Indiana Supreme Court and other defendants in federal court ("Discrimination Suit").

Regarding Plaintiff's disciplinary proceedings, in 2017 the Indiana Supreme Court found that Plaintiff had engaged in professional misconduct and disciplined him. *Matter of Straw*, 68 N.E.3d 1070, 1071 (Ind. 2017), *cert. denied sub nom. Straw v. Ind. Sup. Ct.,* 137 S. Ct. 2309 (2017), *reh'g denied*, 138 S. Ct. 352 (2017). The Indiana Supreme Court had appointed the Honorable James R. Ahler ("Judge Ahler") to hear evidence regarding the disciplinary complaint, and relied on his report in making its findings. 68 N.E.3d at 1071. Plaintiff was suspended from the practice of law for bringing four frivolous actions in violation of the state's rules of professional conduct. *Id.* at 1073. Plaintiff was allowed to petition for reinstatement, provided he satisfied certain requirements for reinstatement. *Id*.

In response to this discipline, the United States District Court for the Southern District of Indiana ordered Plaintiff to show why reciprocal discipline should not be imposed in accordance with Rule II of the court's Local Rules of Disciplinary Enforcement. *Matter of Straw*, No. 1:17-MC-13-TWP-DKL, 2017 WL 4583512, at *1 (S.D. Ind. July 25, 2017). The court ordered reciprocal discipline under Rule II, and denied Plaintiff's motion

to reconsider this decision. *Id*. On appeal in *In re Straw*, the Seventh Circuit affirmed the federal district court's decision to refuse to reconsider this decision. No. 17-2523, 2017 WL 6539217 (7th Cir. Dec. 21, 2017). The Seventh Circuit noted that Plaintiff's appeal "principally attacks the Indiana Supreme Court's decision to impose discipline. We do not have jurisdiction to consider these objections because only the United States Supreme Court may review attacks on state-court judgments of attorney discipline." *Id*. at *1 (citations omitted). The Seventh Circuit also noted the deferential standard of review accorded to a district court's refusal to reconsider a decision not to reinstate an attorney, and found that Plaintiff did not show an abuse of discretion. *Id*.

Turning to Plaintiff's Discrimination Suit, Plaintiff filed a complaint in federal court against the Indiana Supreme Court and various affiliates, including Judge Ahler (collectively, "defendants"), alleging violations of 42 U.S.C. § 1983, the Americans with Disabilities Act, and the First Amendment. *Straw v. Ind. Sup. Ct.*, 1:16-cv-3483-SEB-TAB (S.D. Ind.). The district court denied Plaintiff's motion for a preliminary injunction and motion for declaratory judgment, and entered judgment in favor of the defendants. *See Straw v. Ind. Sup. Ct.*, No. 116CV03483, 2017 WL 289958, at *3 (S.D. Ind. Jan. 23, 2017); *Straw v. Ind. Sup.*

*Ct.*, No. 116CV03483, 2017 WL 634162, at *2 (S.D. Ind. Feb. 16, 2017). The court found, among other things, that Plaintiff's claims were barred by *res judicata* because Plaintiff had sued the Indiana Supreme Court in 2015 for disability discrimination, and that suit was dismissed for failure to state a claim. *Straw*, 2017 WL 634162, at *2; *see Straw v. Ind. Sup. Ct.,* No. 1:15-cv-1015, 2016 WL 344720 (S.D. Ind. Jan. 28, 2016). Plaintiff appealed the district court's decision. *Straw v. Ind. Sup. Ct.*, 692 F. App'x 291 (7th Cir. 2017). The appeal was assigned to a three-judge panel—Judges Posner, Kanne, and Sykes, and the panel issued a decision unanimously affirming the district court's judgment based on *res judicata*. *Id.* at 294. Plaintiff then filed a petition for rehearing and rehearing *en banc*. *Id*. Around that time, Judge Kanne learned that one of his former law clerks was among the appellees and retroactively recused himself. *Id*. The two remaining judges on the panel constituted a quorum, *see* 28 U.S.C. § 46(d), and did not change their view. *Id*. Because no judge in active service requested a vote on Plaintiff's petition for rehearing *en banc*, and the remaining judges on the panel voted to deny rehearing, the petition for rehearing and for rehearing *en banc* was denied. *Id*. The United States Supreme Court recently denied Plaintiff's petition for certiorari. *Straw v. Ind. Sup. Ct.,* No. 17-6812, 2018 WL 311729 (U.S. Jan. 8, 2018).

7

The instant complaint alleges that the Seventh Circuit denied Plaintiff procedural due process in violation of the Fifth Amendment as follows:

1. The Seventh Circuit appointed Judge Ahler to United States Bankruptcy Judge while he was an appellee in Plaintiff's Discrimination Suit, allegedly constituting bias and favoritism in violation of Plaintiff's right to due process (*id.*, ¶¶19, 30-32, 44, 45; *see id.*, ¶36 (alleging that "every judge on the Judicial Council then had an obligation not to vote against [Plaintiff] or otherwise favor [his] appellees" after hiring Judge Ahler);

2. Judge Kanne "first voted against [Plaintiff] and then immediately recused" in the appeal of the Discrimination Suit, presumably because Judge Ahler had clerked for Judge Kanne (*id.*, ¶33; *see id.,* ¶40);

3. Judge Wood's opinion in *In re Straw* [1] allegedly demonstrates the Seventh Circuit's bias in favor of the Indiana Supreme Court (*id.*, ¶37; *see id.,* ¶45 (alleging Judge Wood failed to give Plaintiff a hearing before issuing the decision)); and

4. Judge Wood's decision to "cut[] off [Plaintiff's] ability

---

[1] While the complaint cites "*Straw v. U.S. District Court*, No. 17-2523 (7th Cir.)," (DE #1, ¶37, ¶45), the Court believes Plaintiff intended to reference *In re Straw,* No. 17-2523, 2017 WL 6539217 (7th Cir. Dec. 21, 2017), which is an opinion by Judge Wood with the same appeal case number.

to make Seventh Circuit filings" in cases when he asks her to recuse is retaliation (*id*. ¶38 (citing *Straw v. Village of Streamwood,* No. 17-1867 (7th Cir.)[2]).

Plaintiff seeks $5 million in compensatory damages "because this was the damages amount in [the Discrimination Suit] which [he] was denied on appeal. . . ." (DE #1, ¶48.) He seeks punitive damages of $20 million (*id*. ¶50), as well as a declaratory judgment that (1) Indiana's discipline was discriminatory, (2) taking a federal law license with no hearing after not protecting from state court civil rights violence violates due process, and (3) no appellee may ever be hired by the Court of Appeals during the pendency of any appeal (*id*. ¶46).

Plaintiff's claim against the Seventh Circuit is without merit. "The Seventh Circuit, as an arm of the United States, is not subject to suit at all unless Congress has explicitly waived immunity. *United States v. Shaw*, 309 U.S. 495, 500–01, 60 S. Ct. 659, 660–61, 84 L.Ed. 888 (1940) ('[W]ithout specific statutory consent, no suit may be brought against the United States. No officer by his action can confer jurisdiction. Even when suits are authorized they must be brought in designated courts.')."

---

[2] The docket proceedings in *Straw v. Vill. of Streamwood*, No. 17-1867 (7th Cir.), shows an order that Plaintiff's motion for the recusal of Judge Wood was taken with the case, and that anything else Plaintiff tenders in that case shall be returned unfiled until the decision is issued. (*Straw v. Village of Streamwood*, No. 17-1867 (7th Cir.), DE #50.)

9

*Matter of Skupniewitz*, 73 F.3d 702, 705 n.1 (7th Cir. 1996); *see Garner v. U.S. Dist. of S.C.,* No. CIVA 308-3913-TLWJRM, 2009 WL 2192664, at *3 (D.S.C. July 21, 2009) (accepting report and recommendation holding that federal courts are protected by sovereign immunity). The plaintiff bears the burden of proving that a particular statute waives sovereign immunity. *Clark v. United States,* 326 F.3d 911, 912 (7th Cir. 2003) ("To maintain an action against the United States in federal court, a plaintiff must identify a statute that confers subject matter jurisdiction on the district court and a federal law that waives the sovereign immunity of the United States to the cause of action."). Here, the complaint alleges no facts indicating that the Seventh Circuit's immunity was waived.

The complaint cites *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), as a basis for Plaintiff's claim. (DE #1, ¶55.) While the Supreme Court recognized an implied cause of action for monetary damages against federal agents sued as individuals for constitutional violations in *Bivens*, it has declined to imply a similar cause of action directly against federal agencies. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 473 (1994). Here, the complaint names only the Seventh Circuit as a defendant. As such, Plaintiff can obtain no relief

10

under *Bivens*.[3] *See Coggins v. United States Ct. of App.*, No. CIV.A.309CV452-TMH, 2009 WL 3017412, at *3 (M.D. Ala. Sept. 17, 2009) (rejecting *Bivens* claims against the Eleventh Circuit); *Edwards v. Fifth Cir. Ct. of App.*, No. 3:02-cv-0976, 2003 WL 21500434, at *3 (N.D. Tex. Apr. 23, 2003) (rejecting *Bivens* claims against the Fifth Circuit), *adopting report and rec.*, 2003 WL 21318362, at *1 (N.D. Tex. May 19, 2003) (dismissing complaint as frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)).

Because Plaintiff's claim against the Seventh Circuit is based on a meritless legal theory, his claim must be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). However, because it is routine practice in this circuit, Plaintiff will be given an opportunity to amend his complaint. Should Plaintiff choose to pay the filing fee and amend his complaint, any claims alleged must have both a sufficient factual and legal basis as described more fully above.

CONCLUSION

For the reasons set forth above, the Court:

(1) **DISMISSES** the Complaint (DE #1);

---

[3] To the extent that Plaintiff intended to assert claims against individual judges sitting on the Seventh Circuit, the Court notes that, short of "the complete absence of all jurisdiction," judges are absolutely immune from damages lawsuits arising out of their judicial actions. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (citations omitted); *see Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006) ("Of course [plaintiff's] claims against the judges are barred; she is complaining about their judicial conduct, and they have absolute immunity from such damages claims.") (citations omitted).

(2) **DENIES** the motions to proceed *in forma pauperis* (DE #2 and DE #3);

(3) **DENIES AS MOOT** the Motion for U.S. Marshall Service of Summons and Complaint (DE #4);

(4) **GRANTS** Plaintiff until February 28, 2018, to submit an amended complaint <u>along with payment of the filing fee</u>; and

(5) **CAUTIONS** Plaintiff that if he does not do so by that deadline, this case will be dismissed without further notice.

DATED: January 31, 2018                     /s/ RUDY LOZANO, Judge
                                            **United States District Court**